SPENCER E. BENDELL, Cal. Bar No. 181220
E-mail: bendells@sec.gov
C. DABNEY O'RIORDAN, Cal. Bar No. 205158
E-mail: oriordand@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
John M. McCoy III, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>GENDREAU & ASSOCIATES, INC. and JACQUES R. GENDREAU,<br><br>Defendants. | Case No. CV09-3697- JST (FMOx)<br><br>[PROPOSED] JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST JACQUES R. GENDREAU |

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Jacques R. Gendreau ("Gendreau") having entered a general appearance; consented to the Court's jurisdiction over Gendreau and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Gendreau and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Gendreau and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(1) or 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and 6(2), by using the mails or any means or instrumentality of interstate commerce while acting as an investment adviser as defined in the Advisers Act:

    (a)    to employ any device, scheme, or artifice to defraud clients or prospective clients; or

    (b)    to engage in any transaction, practice, or course of business which

operates as a fraud or deceit on clients or prospective clients.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Gendreau and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting an investment adviser's violation of Section 204 of the Investment Advisers Act, 15 U.S.C. § 80b-4, and Rule 204-2 thereunder, 17 C.F.R. § 275.204-2, by failing to keep and furnish records and make and disseminate reports as required by the Commission.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e)(1) of the Advisers Act, 15 U.S.C. § 80b-9(e)(1), and if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Gendreau shall pay prejudgment interest thereon, calculated from July 6, 2007, based on the rate of interest set forth in 28 U.S.C. § 1961. In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Gendreau will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Gendreau may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil

Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: Feb. 8, 2011

JOSEPHINE STATON TUCKER
HONORABLE JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On February 3, 2011, I caused to be served the document entitled **[PROPOSED] JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST JACQUES R. GENDREAU** on all the parties to this action addressed as stated on the attached service list:

[ ]   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

   [ ]   **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

   [ ]   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]   **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: February 3, 2011                             /s/ Spencer E. Bendell
                                                   Spencer E. Bendell

1

**SEC v. GENDREAU & ASSOCIATES, INC., et al.**
United States District Court – Central District of California
Case No. CV 09-3697 JST (FMOx)
(LA-3559)

SERVICE LIST

Michael V. Severo, Esq. **(served via CM/ECF only)**
Law Offices of Michael V. Severo
70 S. Lake Avenue, Suite 945
Pasadena, CA 91101
Email: msevero@mvslaw.com
*Attorney for Defendant Jacques R. Gendreau*

2