# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GENDREAU & ASSOCIATES, INC. and JACQUES R. GENDREAU,<br><br>　　　　Defendants. | Case No. CV 09-3697 JST (FMOx)<br><br>**CORRECTED AMENDED FINAL JUDGMENT** |

The Securities and Exchange Commission ("Commission") filed a Complaint against Defendants Gendreau & Associates, Inc. ("G&A") and Jacques R. Gendreau ("Gendreau"). Gendreau, entered a general appearance; consented to the Court's jurisdiction over Gendreau and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and consented to the determination of disgorgement with prejudgment interest and civil penalties by motion. The Commission's (1) Motion for Entry of Final Judgment Imposing Disgorgement, Prejudgment Interest, and a Civil Penalty Against Gendreau and (2) Application for Default Judgment Against G&A (the "Application") came before the Court. The Court, having considered all the parties' papers finds that:

## I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Commission's Application for Default Judgment Against Defendant G&A is hereby GRANTED.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Gendreau and G&A, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a

material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Gendreau and G&A, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(1) or 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and 6(2), by using the mails or any means or instrumentality of interstate commerce while acting as an investment adviser as defined in the Advisers Act:

    (a)    to employ any device, scheme, or artifice to defraud clients or prospective clients; or

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit on clients or prospective clients.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that G&A, and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 204 of the Investment Advisers Act, 15 U.S.C. § 80b-4, and Rule 204-2 thereunder, 17 C.F.R. § 275.204-2, by failing to keep and furnish records and make and disseminate reports as required by the Commission, and that Gendreau and his agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and

abetting an investment adviser's violation of Section 204 of the Investment Advisers Act, 15 U.S.C. § 80b-4, and Rule 204-2 thereunder, 17 C.F.R. § 275.204-2.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Gendreau is jointly and severally liable with defendant Gendreau & Associates, Inc., for disgorgement of $1,280,528.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $4,600.43, for a total of $1,285,128.43. Gendreau and/or G&A shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Gendreau shall pay a civil penalty in the amount of $130,000.00, and G&A shall pay a civil penalty in the amount of $650,000.00, pursuant to Section 21(e) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9. Gendreau and G&A shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Settlement Agreement between Defendant Gendreau and the SEC is incorporated herein with the same force and effect as if fully set forth herein, and that Gendreau shall comply with all of the undertakings and agreements set forth therein.

///

///

///

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

DATED: June 14, 2011

_____
HON. JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE